O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MARK ADAMS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION V-03-63** |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM & ORDER**

In this habeas corpus action, Texas prisoner Christopher Mark Adams ("Adams") challenges a state conviction for robbery. Pending before the Court are Respondent Douglas Dretke's two Motions for Summary Judgment (Dkt. #s 11 & 12). Also pending before the Court are Adams' Request to Brief (Dkt. #4), Application for Appointment of Counsel for the Purpose of Filing a Reply (Dkt. #15), and Motion for Discovery (Dkt. #17). After considering the record and the applicable law, the Court is of the opinion that Respondent is entitled to summary judgment and Adams' requests should be disposed of as discussed below.

**Factual and Procedural Background**

Adams is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is the director of the TDCJ-CID. On November 7, 2000, Adams was indicted for the felony offense of robbery committed on or about October 11, 2000. On March 2, 2001, in cause number 00-11-18,517-D, styled *The State of Texas v. Christopher Mark Adams*, a jury in the 377th Judicial District Court of Victoria County, Texas, found Adams guilty as alleged in the indictment. The jury assessed his punishment at ninety-nine years imprisonment.

On July 11, 2002, the Thirteenth Court of Appeals affirmed Adams' conviction in an unpublished opinion. *Adams v. State*, No. 13-01-301-CR (Tex. App.–Corpus Christi 2002, pet. ref'd). Adams' Petition for Discretionary Review ("PDR") was refused on December 4, 2002. *Adams v. State*, PDR No. 1319-02.

Adams filed a state habeas petition on January 16, 2003. *Ex parte Adams*, Application No. 55,215-01. On May 7, 2003, the Texas Court of Criminal Appeals dismissed the application because Adams' direct appeal remained pending. Adams timely filed the instant federal habeas petition on June 16, 2003.

## Claims and Allegations

Adams raises fifteen grounds that he claims entitle him to habeas relief. These grounds can effectively be reduced to four general categories: (1) prosecutorial misconduct, (2) trial court error, (3) ineffective assistance of trial counsel, (4) insufficient evidence.

## Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that,

exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

## Analysis

### I.       Duplicate Docket Entries

The Respondent appears to have filed his motion for summary judgment twice.  The motions are identical; however, Docket Entry No. 12 contains an exhibit that was not filed with docket Entry No. 11.  The Court will only address Docket Entry No. 12.  Respondent's Motion for Summary Judgment (Dkt. #11) is thus denied as moot.

### II.      Failure to Exhaust State Remedies

---

in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

Applicants seeking habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  In doing so, the petitioner must present all factual claims and legal theories for review by the state courts before presenting them to the federal courts. *Id*.  Generally, the federal claims must be fairly presented to the highest court of the state either in a petition for discretionary review or in an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).   For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review petitioner's conviction. TEX. CODE CRIM. PROC. ANN. art. 44.45; *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  The exhaustion requirement is "grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982).  Failure to exhaust all administrative remedies will result in dismissal for failure to exhaust. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980) (citing *Lerma v. Estelle*, 585 F.2d 1297, 1298 (5th Cir. 1978)).   In addition, if petitioner's habeas petition contains both exhausted an unexhausted claims, it is a "mixed petition" and the entire petition  is subject to dismissal without prejudice for failure to exhaust state remedies. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998), (citing *Lundy*, 455 U.S. at 510, 102 S. Ct. at 1199).

Adams did not include his allegations regarding prosecutorial misconduct, trial court error, or ineffective assistance of trial counsel in either his appellate brief or his PDR.  While Adams did include these claims in his state writ petition, that petition regarding the instant theft conviction was dismissed because his direct appeal was still pending.  After referring to the website for the Texas Thirteenth Court of Appeals, *at* http://www.13thcoa.courts.state.tx.us/, for case number 13-01-301-

4

CR, the Court determined that the mandate for Adams' direct appeal was issued on January 21, 2003. The records submitted by the state show that the state writ was filed in state district court on January 16, 2003, before the mandate was issued. The Court of Criminal Appeals therefore dismissed the application without reaching the merits. In order to satisfy the exhaustion requirement, the petitioner must have not only presented his claim to the highest state court, but he must have done so in a procedurally correct manner such that the state courts may have a fair opportunity to review his claims solely on the merits. *See Castille*, 489 U.S. at 351, 109 S. Ct. at 1060. Because Adams did not give the Court of Criminal Appeals a fair opportunity to review his claims on the merits, his claims based on prosecutorial misconduct, trial court error, and ineffective assistance of trial counsel were not exhausted. His petition is thus a mixed petition. As such, the Texas state courts have not been given an opportunity to correct any alleged constitutional infirmities in Adams' conviction. *See Castille*, 489 U.S. at 349.

Adams has requested the Court to remove six grounds from his federal habeas petition in what is likely an attempt to have the Court only address his insufficient evidence claim which was properly exhausted. Even removing those six grounds, however, Adams' petition still contains grounds for relief based on prosecutorial misconduct, trial court error, and ineffective assistance of trial counsel. Thus, even if the Court grants Adams' request, his petition is still mixed.

Moreover, the record does not indicate that Adams' failure to exhaust his claims for prosecutorial misconduct, trial court error, and ineffective assistance of trial counsel is due to "absence of available State corrective process" or that circumstances exist which render such process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Thus, Adams' federal habeas petition is dismissed without prejudice for failure to exhaust state remedies. *Alexander*, 163 F.3d at 908 (citing *Lundy*, 455 U.S. at 510, 102 S. Ct. at 1199).

**III.     Adams' Additional Motions/Requests**

Adams also filed a Request to Brief, an Application for Appointment of Counsel for the Purpose of Filing a Reply, and Motion for Discovery.  Adams' Request to Brief is granted.  With respect to his application for appointment of counsel, parties to a civil action do not have a right to a court-appointed attorney.  Only when "exceptional circumstances" exist, is a district court required to appoint counsel to represent indigent parties in a civil action.  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *see also Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir.1985). Though Respondent's motion for summary judgment addresses factually and legally complex issues, Adams' situation does not rise to the level of "exceptional circumstances."  His Application for Appointment of Counsel is therefore denied.  Because the Court dismisses Adams' habeas petition for failure to exhaust state remedies, his Motion for Discovery on the merits is denied as moot.

**Certificate of Appealability**

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000).  If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001), *quoting Slack*, 529 U.S. at 484, 120 S. Ct. at 1604; *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without

requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

This Court concludes that Adams is not entitled to a certificate of appealability under the applicable

standards. *See* 28 U.S.C. § 2253(c).

### Conclusion

The Court **ORDERS** the following:

1.    Respondent's Motion for Summary Judgment (Dkt. #11) is **DENIED** as moot.

2.    Respondent's Motion for Summary Judgment (Dkt. #12) is **GRANTED**.

3.    Adams' Request to Brief (Dkt. #4) is **GRANTED**.

4.    Adams'Application for Appointment of Counsel for the Purpose of Filing a Reply
      (Dkt. #15) is **DENIED**.

5.    Adams' Motion for Discovery (Dkt. #17) is **DENIED** as moot.

6.    This cause of action is **DISMISSED** without prejudice.

7.    A certificate of appealability is **DENIED**.

8.    The Clerk shall send a copy of this Memorandum & Order to the parties.


**SIGNED** on this 14th day of June, 2005.


                          JOHN D. RAINEY
                          UNITED STATES DISTRICT JUDGE